## SARAH GIBBS *vs.* ROBERT MARSH.

A testatrix devised her estate to A. in trust to receive the rents and profits thereof, and to divide the same among her children, &c. and authorized A. to associate with him, in the execution of the trust, such person as he might deem fit, or if A. should desire to be wholly discharged from the trust, that he might substitute a trustee in his stead: The testatrix also empowered and desired the trustee or trustees to relinquish the trust, if her children should in writing request it, and authorized the judge of probate, in such case, to appoint a trustee or trustees to execute the trust. In a subsequent clause of the will, the testatrix conferred on A., and any other trustee or trustees he might appoint, full power to sell and convey the real estate devised to A. in trust, when the major part of her children should recommend and advise the same : A. died without having made any conveyance, or nominating any associate or successor in said trust, and the judge of probate appointed B. trustee under the will.

*Held,* that the power of sale created by the will, was coupled with a trust which required the execution of the power for the benefit of the children of the testatrix ; and that B. had the same authority to sell and convey the estate of the testatrix, which was conferred by the will on A. and his nominee, and that a deed of part of the estate, executed by B. and by all the children of the testatrix, passed a valid title.

ASSUMPSIT on a special written agreement of the defendant to pay to the plaintiff $1652·52, on her delivering to him a deed with warranty, &c. within fifteen days from June 30th, 1840, of a parcel of land in Boston, provided the plaintiff should, at the time of the delivery of such deed, have a good and valid title to said land. The declaration alleged, and it was admitted by the defendant, that the plaintiff, on the 10th of July, 1840, tendered to the defendant her deed of the land, containing the covenants stipulated for in the agreement, but that the defendant refused to accept the same and to pay the plaintiff the said sum. It was also averred in the declaration, that the plaintiff, at the time of tendering her deed, as aforesaid, had a good and valid title to said land. Defence, that the plaintiff had not such title.

The case was submitted to the court on the will of Mary Gibbs, deceased, which was approved and allowed by the judge of probate for this county ; the proceedings of said judge of probate ; and other documents hereinafter referred to ; from which it appeared that the plaintiff derived her title to the land, described in the deed which she tendered to the defendant, from Ebenezer Francis, who was appointed by said judge of probate a trustee under said will.

The said Mary Gibbs, by her last will, devised certain real estate, of which the land in question is a part, to her brother, Walter Channing, (in whom she expressed her full and entire confidence,) his heirs and assigns, in trust to receive the rents and profits during the lives of her four children therein named, and to the issue of such as should die before the expiration of the trust; and, on the death of the surviving child, to convey the same, and all the interest and estate given to the trustees, to her grandchildren then living, and to the issue of such grandchildren as should have deceased; with a declaration subjoined, that all the real estate, after the death of the longest liver of said children, should remain to the grandchildren and the children of any deceased grandchild, in fee simple.

The eleventh and thirteenth clauses of the will were as follows :

11th. "And if my brother Walter, from any cause whatever, shall wish to be acquit and discharged from this trust, or if he shall be desirous of having some other person or persons joined and associated with him in this trust, I do hereby fully authorize and empower him to substitute and appoint in his stead and place, or as an associate trustee to act with him, as he shall think necessary or most expedient, any one or more persons that he alone or he and my executors shall think fit and well qualified to execute said trust, and thereupon to convey, assign, and transfer the whole real and personal estate, of every description, which he shall hold in trust under this will, to such person or persons, either to hold to him or them and their heirs, in his said Walter's place and stead, or to hold jointly and together with him ; and in either case, upon the same special trusts, and for the same uses, and subject to the same limitations as are expressed in this will, and as the said Walter held the same under and by virtue of this will. And further, in case my said children shall in writing request him said Walter, or any trustee or trustees he may appoint, to relinquish the trust, then I hereby authorize and request him and such other trustee or trustees, to relinquish said trust accordingly ; and I do, in that case, authorize the judge of probate for the county where this will shall be proved, to appoint such trustee or trustees as he shall deem fit

and suitable to execute said trust, in his or their place or stead; and in case said trustees, or either of them, shall refuse to resign the trust, upon such request by my said children, I hereby authorize and empower the judge of probate to remove him or them from the office of trustee, and to appoint other fit and suitable persons in their stead. And I further authorize, direct, and require the trustee and trustees under this will, who shall resign this trust at the request of my children, or be removed by the judge of probate, to assign and transfer to the person or persons who shall be appointed trustees by the judge of probate, all the estate, real and personal, which the trustee or trustees so resigning or removed then hold under this will, to be held to and by the new trustees so appointed, and the survivor of them and his heirs, upon the trusts, and for the uses, and subject to the limitations expressed and contained in this will, and no other. And to prevent a failure of trustees to execute this will, I authorize and request the judge of probate for the county where it shall be proved, to appoint such trustee or trustees to execute the trust herein contained and created, as the trustee herein named and my executors shall recommend; and on failure of such recommendation, such trustees as said judge shall deem fit and suitable."

13th. "I hereby give, devise, and grant to the said Walter, and any other trustee or trustees he may appoint pursuant to the power herein given him, full power and authority to sell and convey any part or parcel of the real estate devised to him in trust as aforesaid, except my two farms situate easterly of Easton's Beach, in Middletown in the State of Rhode Island, and my farm situated westwardly of Easton's Beach and Pond, in Newport in said Rhode Island, to hold to the purchaser in fee simple, discharged of said trust; or to exchange the same for other real estate; when the major part of my children shall recommend and advise the same; and to invest.the proceeds in other real estate, or in personal estate, as my children shall direct and advise; and in default of such direction and advice, as the said trustee or trustees shall think most for their interest; to be taken and held upon the same trusts, and for the same uses.

and subject to the same limitations, as the estate sold or exchanged was holden by said trustee or trustees."

The said Walter Channing died without having made any conveyance, and without nominating a successor. Ebenezer Francis was thereupon appointed as trustee, by the judge of probate, under said will, and gave bond, in the year 1828. He joined with all the children of the testatrix in conveying the land in question in this action, to Henry Andrews — the said children joining in the deed to express their assent to the conveyance, and to release any right they had therein — the warranty being against themselves only. Said Andrews afterwards conveyed the same land to the plaintiff.

Plaintiff to become nonsuit, if in the opinion of the court she had not a perfect title to said land, by reason of the matters aforesaid; otherwise, judgment to be rendered for the plaintiff for an agreed amount of damages.

The case was argued in writing.

*Dexter & G. W. Phillips,* for the plaintiff. The question is, whether the power of sale and exchange contained in the 13th clause of the will is confined to the trustee appointed by the testatrix, and the trustee whom he was authorized to appoint, or whether it might as well be executed by the trustee appointed by the judge of probate. This is a question of intention, and the intention is to be deduced from the whole instrument.

The 11th clause of the will, in order "to prevent a failure of trustees to execute this will," empowers the judge of probate to appoint trustees "to execute the trust herein contained." If the power to sell be a trust, it is included in the words "trust herein contained." "Herein" means in the whole will. The mere collocation of the several trusts is immaterial, if the general words of substitution are sufficient to include those that follow as well as those that precede them. "Herein contained and created" means hereinbefore and hereinafter — all the trusts in the instrument.

The power of sale, in this case, is a trust; it is for the benefit of the children, and can be exercised only at their request. "There is a very essential d'fference," says Lord Wilmot,

" between powers and trusts. Powers are never imperative ; they leave the act to be done at the will of the party to whom they are given. Trusts are always imperative, and are obligatory upon the conscience of the party intrusted." *Attorney General* v. *Downing,* Wilmot, 23. Sugden on Powers, (1st Amer. ed.) 392, 393, and cases there cited. 2 Chance on Powers, 555 Lewin on Trusts, 422. *Richardson* v. *Morey,* 18 Pick. 18 . A party, whose consent is necessary to the execution of a power, may be considered, for many purposes, the donee of the power ; and the death of such party determines the power. 1 Chance on Powers, 264, 265. *Hamond* v. *Jethro,* 2 Brownl. 97.

A power implies confidence and refers to the discretion of the party to whom it is given. The sale, in the case at bar, was not intrusted to the discretion of the trustees, but to that of the children, or the major part of them, who were the real donees of the power. The testatrix used no words indicative of personal confidence, or discretionary power, in any of the trustees, so far as respects the sale or exchange of real estate. The expression of confidence in her brother, Walter Channing, in one of the clauses of the will, is merely a statement of her reason for excusing him from giving a bond, &c. *This* confidence is not extended to his nominee.

The power was given to the parties *as trustees ;* and there is a distinction between an authority given to executors or trustees *virtute officii,* and to parties by name. See *Sharp* v. *Sharp,* 2 Barn. & Ald. 405. *Zebach* v. *Smith,* 3 Binn. 73. Where authority to sell is given to executors *virtute officii,* without naming them, and only one undertakes the execution of the will, he may well execute the power. See *Jackson* v. *Ferris,* 15 Johns. 348. *Nelson* v. *Carrington,* 4 Munf. 332. *Digges* v. *Jarman,* 4 Har. & McHen. 485. But where power was given to executors to sell or exchange real estate, as they might judge necessary for the advantage of the estate, it was held that the single executor who qualified could not sell without the concurrence of the other executors. *Woolridge* v. *Watkins,* 3 Bibb, 349.

The sale, in this case, was made while *St.* 1817, *c.* 190, was

in force, the 40th section of which authorizes judges of probate to appoint a trustee under a will, when a trustee appointed by a testator shall die, or shall decline the trust, and where no provision is made for perpetuating the trust; and provides that the estate given in trust shall vest in the trustee so appointe l, in like manner, to all intents and purposes, as the same vested in the original trustee under the will.

*Aylwin & Paine*, for the defendant. The *St.* of 1817, c. 190, limits the power of judges of probate to appoint trustees to cases in which no provision is made in wills for perpetuating trusts created by them. In the case at bar, the testatrix provided in her will for a succession of trustees to perpetuate the trusts therein created ; and the ultimate authority, given to the judge of probate to nominate a trustee, is personal only — conferred on the individual who might hold the office in the county where the will should be proved. This is, therefore, not a case within the statute. The testatrix did not provide that the trust estate should vest in the nominee of the judge of probate ; but she expressly directed that the property should be conveyed to the new trustee by the trustee who might resign or be removed. If the judge of probate had refused to appoint a trustee, the statute would not have applied to the case, any more than if the trust had been created by deed. See *Hildreth* v. *Eliot*, 8 Pick. 293.

But if the present case was within the statute, it is not admitted that the statute confers on the nominee of the judge all the powers conferred by the will on the trustee therein named; especially powers confided to the latter on grounds of personal confidence. To hold this would be to abridge the authority which every owner of property has to select individuals to manage it, and to transfer it to strangers or persons unknown to him. It is submitted, that the statute leaves confidential directions and limited powers to be governed by the general principles of law.

The power of sale contained in the will was a naked authority, and rested on personal confidence, unconnected with the general trusts declared in that instrument. It was given to Walter Channing and any other trustee he might appoint. The

principal purpose of the testatrix was to place her property in the hands of trustees, to be managed during the lives of her children, and to provide for the distribution of the income equally among them, and on the death of the longest liver, that the whole should be transmitted to her grandchildren and their representatives. Whether the power of sale should be exercised at all was left to the discretion of W. Channing or his nominee. The only restriction on the trustee was, that the power should not be exercised without the advice of a majority of her children. The judgment of the trustee upon its expediency was unrestrained.

The clause in the will, which creates this power of sale, gives the trustee no estate in the land, and none need be implied for the due execution of the power. It could be as well exercised without any interest in the land, as if directly coupled with an interest therein. Nor is there any thing imperative in the power, so as to make it a trust. *Braman* v. *Stiles,* 2 Pick. 465. *Sharpsteen* v. *Tillou,* 3 Cow. 660.

The will shows that the testatrix reposed full confidence in her brother, W. Channing, not only in his management of the estate, but in his selection of a successor. Beyond this, she extended no confidence ; for she, by distinct and precise words, limited the power of sale to her brother and the person or persons he might nominate. Mo. 61, pl. 172. *Cole* v. *Wade,* 16 Ves. 45. In regard to the execution of the general trusts, she provided against any failure in the execution of them. Not so in regard to the power of sale. If this power was not personal, the different provisions in the will are wholly insignificant.

The defendant submits, therefore, that the power of sale was extinguished by the death of Walter Channing. The non-execution of the power defeated it at law, and, as it was not blended with the trusts, equity cannot interfere ; so that there is no mode in which the title offered to the defendant can be perfected. Co. Lit. 113*a,* and Hargrave's *note* (2). *Conklin* v. *Egerton,* 21 Wend. 430. *Coventry* v. *Coventry,* 2 P. W. 227. *Tollet* v. *Tollet,* 2 P. W. 490. *Larned* v. *Bridge,* 17 Pick. 339.

In *Richardson* v. *Morey*, 18 Pick. 181, the power given was necessary to the execution of the trusts, in making an equal distribution at the different periods pointed out by the testator. So of *Osgood* v. *Franklin*, 2 Johns. Ch. 1. 14 Johns. 527.

WILDE, J. This is an action of assumpsit for the alleged breach of a contract for the purchase of a lot of land, formerly belonging to the estate of Mrs. Mary Gibbs, deceased. Before the commencement of the action, the plaintiff tendered to the defendant a deed of conveyance of the premises, which he declined to accept, on the ground that the plaintiff had not a good and valid title to the premises. The title of Mrs. Gibbs is not questioned ; but the defendant's counsel deny that the plaintiff has derived any title to the premises from Mrs. Gibbs. And this question depends on the construction to be given to her last will and testament. By this will, the testatrix devised the whole of her real estate, and a portion of her personal estate, to her brother Walter Channing, his heirs and assigns, in trust to manage the same, and to pay the rents and profits to her children, or the issue of any deceased child, until the decease of all her children ; and upon the decease of the longest liver, then to convey and distribute the whole estate to and among her grandchildren and their representatives. By the 11th section, the said trustee is authorized to appoint a substitute or an associate in his said trust ; and it is directed that said Walter Channing, and any trustee he may appoint, shall resign or be removed upon the application, in writing, of the children therefor. And " to prevent a failure of trustees, to execute this will," the judge of probate is authorized and requested to appoint such trustee or trustees to execute the trust in said will contained and created, as the said Walter Channing and the executors should recommend ; " and on failure of such recommendation, such trustees as the judge shall deem fit and suitable."

By the 13th section, full power and authority are given to the said Walter Channing, and any other trustee he may appoint, to sell and convey any part or parcel of the real estate devised to him in trust, except two farms in Rhode Island, " to hold to the purchaser in fee simple, discharged of said trust ; or to ex-

change the same for other real estate, when the major part of her children should recommend and advise the same."

It is admitted that by the 13th section, if not considered in connexion with other parts of the will, the power of sale is not given to the trustee appointed by the judge of probate, by whose conveyance the plaintiff derives her title, if she has any, from Mary Gibbs. But the question is, whether this power is not devolved upon such trustee by force of the 11th section, which authorizes the judge of probate to appoint a trusteee, " to pre vent a failure of trustees to execute the will."

It has been argued by the defendant's counsel, that the power of sale is a naked, independent power, and in no way connected with the general trusts declared in the will ; and that the testatrix, having special confidence in her brother and his nominee, intentionally limited the power of sale to them.

That the testatrix had great confidence in her brother, cannot be doubted ; but not particularly in reference to the power of sale. She expresses this confidence as the reason for exempting him from the necessity of giving bond, and from any responsibility except for wilful default. But no such confidence is expressed in any trustee whom he might appoint. Nor can she be presumed to have had any special confidence in any person or persons unknown to her. She had the confidence, no doubt, that if her brother appointed a trustee, he would appoint a suitable person ; but there is no reason to doubt that she reposed a like confidence in the judge of probate.

The principal question however is, whether the power of sale is a mere naked power, or whether it is not coupled with a trust. A naked power, as it is correctly stated by Sugden, in his Treatise on Powers, *c.* vi, § 3, is left to the free will and election of the party to execute it or not, for which reason equity will not say he shall execute it. But trusts are always impera-tive. Sometimes trusts and powers are blended. A man may be invested with a trust to be effected by the execution of a power, and if he refuse to execute it, equity, on the general rule that the trust is in the land, will carry the trust into execution ; as in the case where a power is given by a will to trustees, to

sell an estate and apply the money upon trusts. These princi-
ples and definitions are fully maintained by the cases cited by
Sugden.

The same principle as to powers blended with trusts is laid
down by Lord Eldon, in *Brown* v. *Higgs*, 8 Ves. 574. "If
the power," he says, "is a power which it is the duty of the
party to execute, made his duty by the requisition of the will,
put upon him as such by the testator, who has given him an in-
terest extensive enough to enable him to discharge it or not ; the
court adopts the principle as to trusts, and will not permit his
negligence, accident, or other circumstance, to disappoint the
interest of those for whose benefit he is called upon to execute
it."

According to these well established principles, we cannot en-
tertain a doubt that the power of sale in question is a power
coupled with a trust, which requires the execution of it for the
benefit of the children of the testatrix. By the 13th section
of the will, full power is given to the trustees named, to make
sale of any part of the real estate, when the major part of the
testatrix's children should recommend and advise the same, and
to invest the proceeds in other real estate, or in personal estate,
as the said children should direct and advise."

We do not apprehend that the testatrix intended to leave it
optional with the trustees to sell or refuse to sell, on the request
of the children. They were the donees of the power, and it
was to be executed for their benefit, and the proceeds of the
sale were to be invested in real or personal estate, as they should
direct. This construction of the 13th section is confirmed by
the 11th section, which provides, that in case the children of
the testatrix should in writing request him, the said Walter, or
any trustee or trustees by him appointed, to relinquish the trust,
then the testatrix requests him or them to relinquish the trust ac-
cordingly. And in case said trustees or either of them should
refuse to resign the trust, then the judge of probate is authorized
to remove him or them from the office of trustee, and to appoint
other fit and suitable persons in their stead.

This provision is manifestly inconsistent with the discretion

supposed to be given to the trustees by the 13th section, to comply with, or to refuse to comply with, the request of the heirs to execute the power of sale.    And besides, if the trustees had any such discretion, still the power was blended with a trust, and a court of equity would be authorized to compel them to execute the power, in aid of and to effectuate the trust ; as was decided in *Brown* v. *Higgs*, 8 Ves. 574.

It remains for us to decide the question, whether this power of sale has devolved on the trustee appointed by the judge of probate.

By the 11th section of the will, the judge of probate was authorized to appoint a trustee, to prevent a failure of trustees to execute the will.    The exigency for the exercise of this authority occurred on the death of the said Walter Channing, who died without nominating a successor, or having made any conveyance of the trust estate.    And thereupon Ebenezer Francis was appointed a trustee, by the judge of probate, under the will.

By this appointment, the trust estate vested in Mr. Francis, by implication, and by way of executory devise.    By the will, an estate in fee simple is given to Walter Channing, in trust ; but it is manifest that the testatrix did not intend that the trust should descend to the heirs of Walter Channing, some of whom might be minors, or otherwise incapacitated to act in the discharge of the trusts.    The trust estate therefore vested in Mr. Francis, by necessary implication, so as to enable him to perform the trusts.    Otherwise, he could not convey a title to the grandchildren, as by the will he is directed to do by the 8th and 9th sections, which provide that the said Walter Channing shall and do, by legal and proper deeds and instruments for the purpose, convey, assign, and transfer all the trust estate to the testatrix's grandchildren :   So that the suggestion of the defendant's counsel, that the testatrix intended that the use should be executed in the grandchildren under the will, and without any conveyance from the trustee, cannot be maintained.

We consider, therefore, that the whole trust property vested in Mr. Francis ; he was bound to execute the will, and to perform all the trusts ; and as the power given by the 13th section

is coupled with a trust, it devolved on him, according to the authorities and principles already adverted to.    The power of sale was an important power, especially in respect to the unproductive real estate ; and it is difficult to imagine any reason why it should not be executed by any trustee under the will, since the children alone had the power to direct the sale.    We think, therefore, that the omission to allude in the 13th section to the trustee, to be appointed by the judge of probate, was an inadvertent, and not an intentional omission.    The omission is immaterial ; for the doubt it has raised is satisfactorily removed by reference to other clauses in the will.    Some reliance has been placed on the collocation of these clauses, but we do not think that circumstance can affect the construction of them.

Taking the whole will into consideration, we are well satisfied that the testatrix intended that the trustee to be ·appointed by the judge of probate should have the same powers to execute her will, as were given to her brother.    He was appointed to execute her will, that is, her whole will not before executed by her brother.    If there were any legal difficulty in thus perpetuating the trusts, then by the *St.* of 1817, *c.* 190, § 40, the judge of .probate was authorized to appoint a trustee ; in which case the statute provides, " that the estate, so given in trust by such last will, shall vest in the trustee or trustees, so appointed by the said judges of probate, in like manner, to all intents and purposes, as the same vested in the original trustee or trustees, under such last will." But we are of opinion that the provision, made in the will for perpetuating the trusts, is a valid provision, and needs not the aid of the statute.    And on the whole we think the plaintiff has a good and valid title to the premises, and is entitled to judgment.